IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for THE REGISTERED HOLDERS OF GSAMP TRUST 2006-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC2,<br><br>          Plaintiff,<br><br>vs.<br><br>ELAINE M. LEWIS, MACK LEWIS, CITY OF BELLEVILLE, and FCC INVESTMENT TRUST I,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL NO. 10-811-GPM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# JUDGMENT DECREE AND ORDER

**MURPHY, District Judge:**

      On October 19, 2010, Plaintiff Deutsche Bank National Trust Company commenced the above-captioned mortgage foreclosure suit against Elaine M. Lewis, Mack Lewis, and the City of Belleville (Doc. 2). The City of Belleville filed its answer December 23, 2010, admitting that it had a lien recorded over the property in question on November 10, 2008 in the amount of $329.89. Service of Defendants Elaine M. Lewis, Mack Lewis and FCC Investment Trust I was completed, but no responsive pleadings were entered. Upon Plaintiff's subsequent motions, the Clerk of the Court entered an order of default as to Elaine M. Lewis and Mack Lewis on February 2, 2011 (Doc. 12) and as to FCC Investment Trust I on February 4, 2011 (Doc. 16). Plaintiff now moves for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 17). The Court

construes Plaintiff's motion as a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) as to Defendants Elaine M. Lewis, Mack Lewis, and FCC Investment Trust I. Plaintiff moves that its damages are for a sum certain, but the Court will enter this judgment decree of foreclosure and sale pursuant to 55(b)(2), with reference to the computations of Plaintiff's Affidavit of Debt (Doc. 17-2). As mortgagors, the judgement amount in this decree is against Defendants Elaine M. Lewis and Mack Lewis. The judgment amount is not against Defendants Belleville, Illinois or FCC Investment Trust I. By admitting the facts in Plaintiff's complaint and failing to deny the facts in Plaintiff's complaint, respectively, the lien and trust deed amounts of Defendants Belleville, Illinois and FCC Investment Trust I are adjudged in this judgment decree. Plaintiff's motion for judgment is GRANTED pursuant to Federal Rules of Civil Procedure 12(c) and 55(b) and IT IS ORDERED AND ADJUDGED:

1. This Court has jurisdiction of the parties to and subject matter of this suit. Defendants were properly served and failed to answer or otherwise enter any appearance.

2. American Lending Group made a loan to Defendants Elaine M. Lewis and Mack Lewis secured by a mortgage in the total principal amount of $112,500.00 which was recorded in the St. Clair County Recorder's Office on February 10, 2006 as Document No. A01960942 (Doc. 19). The mortgage was assigned to Plaintiff on August 20, 2010 (Doc. 2-6). The mortgage is in default due to Defendants Elaine M. Lewis and Mack Lewis's failure to pay monthly installments of principal and interest from August 12, 2010 to the present.

3. By virtue of the mortgage and indebtedness secured thereby, Plaintiff has a valid and subsisting lien as follows:

    Common address: 135 Westwood Drive, Belleville, IL 62226

More fully described as:

Parcel 1: That part of Lot No. 13 as shown on "Sharron J. Fowler Tract Assessment Plat of Part South East Quarter Section 17, Township 1 North, Range 8 West, St. Clair County, Illinois;" Reference being had to the Plat thereof recorded in the Recorder's Office of St. Clair County, Illinois, in Book of Plats 48 on page 29; more particularly described as follows, to-wit: Beginning at the iron rod that marks the Northwest corner of said Lot 13, thence South along the West line of said Lot 13, a distance of 100.0 feet to a distance of 200 feet to a point, said point being the point of beginning of the tract of land herein described; continuing thence East along a line parallel to said North line of Lot 13, a distance of 150 feet to a point; thence South along a line parallel to the West line of said Lot 13, a distance of 80 feet to a point; thence West along a line parallel to the South line of said Lot 13, a distance of 150 feet to a point thence North along a line parallel to the West line of said Lot 13, a distance of 80 feet to the point of beginning. Except coal, gas and other mineral rights excepted or reserved in prior conveyances.

Parcel 2: Easement for the benefit of Parcel 1 as created by warranty deed from Ruth M. Myers to Ronald Joe Slenbeck, et al., dated April 18, 1961 as Document No. A76440 in Book 1732 on Page 297, for the purpose of ingress and egress over a strip of land 20 feet wide; being more particularly described as follows, to-wit: the West 20 feet of the following described tract of land: that part of Lot No. 13 as shown on "Sharron J. Fowler Tract Assessment Plat of Part of South East Quarter Section 17, Township 1 North, Range 8 West, St. Clair County, Illinois;" reference being had to the plat thereof recorded in the recorder's office of St. Clair County, Illinois, in Book Plats 48 on page 29, more particularly described as follows: beginning at the pipe that marks the Northeast corner of said Lot 13; thence South along the East line of said Lot 13, a distance of 200.0 feet to the pipe that marks the Southeast corner of said Lot 13; thence West along the South line of said Lot 13, a distance of 150.0 feet to the point of beginning.

Parcel 3: Easement for the benefit of Parcel 1 as created in warranty deed from Marcel M. Rensing and Violet Rensing, his wife, to Robert L. Walsh and Dorothy L. Walsh, his wife, dated January 27, 1964 and recorded in the Recorder's Office of ST. Clair County, Illinois, January 29, 1964 as Document No. A171931 for the purpose of ingress and egress over and upon the South 20 feet of the East 150 feet of the following tract of land: that part of Lot No. 13 as shown on "Sharron J. Fowler Tract Assessment Plat of Part South East Quarter Section 17, Township 1 North Range 8 West, St. Clair County, Illinois;" Reference being had to the Plat thereof recorded in the Recorder's Office of St. Clair County, Illinois, in Book of Plats 48 on page 29, being more particularly described as follows, to-wit: beginning at the iron rod that marks a point being 100 feet South of the Northwest corner of said Lot 14; thence South along the West line of said Lot 13, a distance of 100.0 feet to an iron rod; thence East along a line lying parallel to the North line of said Lot 13, a distance of 350.0 feet to an iron rod; thence North along a line lying parallel to the West line of said Lot 13, a distance of 100.0 feet to an iron rod; thence West along a line lying parallel to the North line of said Lot 13, a distance of 350.0 feet to the

point of beginning.

Parcel Number: 08-17.0-407-083

4. By virtue of the mortgage and the indebtedness secured thereby, as alleged in the amended complaint and averred in Plaintiff's Affidavit of Debt, the following amounts are due to Plaintiff:

    a. For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid:

| | |
|---|---:|
| Outstanding Principal Balance. . . . . . . . . . . . . . . | $107,744.33 |
| Escrow/IMP Advance Balance. . . . . . . . . . . . . . | $ 0.00 |
| Late Charges. . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 273.81 |
| Accrued Interest as of December 9, 2010 . . . . . | $ 5,730.42 |
| Property Inspections, Property Valuation Fee, Title Report Fee, Prior Servicer Fees, Certified Mail Cost. . . . . . . . . . . . . . . . . . . . . . . . | $ 467.42 |
| Miscellaneous Credit to Mortgagors. . . . . . . . . . | -$ 0.04 |
| Reasonable Attorneys' Fees . . . . . . . . . . . . . . . . | $ 2,058.00 |
| **Total Amount Due Plaintiff . . . . . . . . . . . . . . .** | **$116,273.94** |

    b. In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

    c. All such advances, costs, and other fees, expenses and disbursements are made a lien upon the mortgaged property and the Plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no such rate is provided therein, at the statutory judgment rate, from the date on

     which such advances are made.

  d.  In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged property.

  f.  In order to protect and preserve the mortgaged property, it may also become necessary for Plaintiff to make such repairs to the property as may reasonably be deemed necessary for the proper preservation thereof.

  g.  Any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

  5.  As described in Plaintiff's complaint, Defendant Belleville, Illinois has a valid lien on the above-described property in the amount of $329.89, recorded on November 10, 2008. Belleville, Illinois's answer to the complaint admits to this lien.

  6.  As described in Plaintiff's complaint, Defendant FCC Investment Trust I has a Trust Deed on the above-described property in the amount of $17,652.00, recorded on August 16, 2007. FCC Investment Trust I was defaulted in this action by the Clerk of Court's February 2, 2011 entry. As such, FCC Investment Trust I's trust deed amount over the above-described property is uncontestedly $17,652.00.

  7.  Plaintiff's lien, by virtue of the mortgage and the indebtedness secured thereby is prior and superior to all other mortgages, claims of interest, and liens upon the above-described property that have been named herein, or any claims that are subject to a recorded notice of foreclosure.

  Accordingly, JUDGMENT IS ENTERED against Defendants Elaine M. Lewis and Mack Lewis for $116,273.94. Unless Defendants, their assigns, or successors in interest to the above-described property pay to Plaintiff Deutsche Bank National Trust Company within three days from

the date of this judgment decree the sum of $116,273.94 with lawful interest to be computed thereon from this date until paid, the property described in paragraph three of this judgment decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 24 hours. The property shall be sold free and clear of any claimed lien of Elaine M. Lewis or Mack Lewis.

The United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph three of this judgment decree to be sold, by publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation. Plaintiff or any party to this case may become the purchaser or purchasers at such sale. Upon the sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of purchase, which certificate shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential property. The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential property is a mortgagee who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the Report of Sale and confirmed by this Court.

No affidavit or other evidence has been advanced that this property is abandoned. Consequently, the redemption period pursuant to 735 ILCS § 5/15-1603 shall end three months after entry of this judgment of foreclosure pursuant to 735 ILCS § 5/15-1603(b)(1).

Out of the proceeds of such sale, the United States Marshal shall retain his disbursements and fees. Out of the remainder of said proceeds, he shall pay to Plaintiff $116,273.94, together with lawful interest to be computed thereon to the date of this judgment decree and any court costs of this action. The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale to this Court. If the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring any surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this judgment decree through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described property. After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the property upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the

deed as grantor, of authority pursuant to this judgment decree, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (1) all claims of parties to the foreclosure and (2) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to Plaintiff with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court hereby **retains jurisdiction** over the subject matter and the parties hereto for the purpose of enforcing this judgment decree. The United States Marshal shall report his actions to this Court at the earliest possible time

**IT IS SO ORDERED.**

DATED: 3/30/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge